UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MAURICE GAY,

          Plaintiff,

          v.

UNLEVER TRUMBULL, C.T.,

          Defendant.

Civil Action No. 11-5929 (PGS)

**OPINION**

**APPEARANCES:**

Plaintiffs pro se
Maurice Gay
Trenton State Prison
P.O. Box 861
Trenton, NJ 08625

**SHERIDAN**, District Judge

    Plaintiff Maurice Gay, a prisoner confined at Trenton State Prison in Trenton, New Jersey, seek to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.[1]

---

[1] This matter was previously administratively terminated for Plaintiff's failure either to prepay the filing fee or to submit an application for leave to proceed in forma pauperis. Plaintiff has cured these defects by submitting an application for leave to proceed in forma pauperis. Based on the affidavit of indigence, and the absence of three disqualifying dismissals within 28 U.S.C. § 1915(g), the Court will order the Clerk of the Court to re-open this action, will grant the application for leave to proceed in forma pauperis, and will order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief, or for any other reason under applicable statutes and rules.

I. BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff alleges that Defendant Unlever Trumbull C.T.[2] distributed "bad soap" which caused him skin problems. Plaintiff seeks monetary damages in the total amount of $30,000.00.

II. ANALYSIS

Federal Rule of Civil Procedure 8(a) requires the plaintiff in a federal action to set forth "a short and plain statement of the grounds upon which the court's jurisdiction depends." Federal courts are bound to determine whether they have jurisdiction even if none of the parties to an action have challenged the asserted bases therefor. Packard v. Provident National Bank, 994 F.2d 1039 (3d Cir.), cert. denied sub nom. Upp v. Mellon Bank, N.A., 510 U.S. 964 (1993); Temple Univ. v. White, 941 F.2d 201 (3d Cir. 1991), cert. denied sub nom. Snider v.

---

[2] The Court construes this as a claim against Unilever, with an alleged location in Trumbull, Connecticut.

2

Temple Univ., 502 U.S. 1032 (1992); <u>TM Marketing, Inc. v. Art & Antiques Assocs., L.P.</u>, 803 F. Supp. 994 (D.N.J. 1992). Indeed, "a plaintiff, suing in a federal court, must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court ... must dismiss the case, unless the defect be corrected by amendment." <u>Smith v. McCullough</u>, 270 U.S. 456, 459 (1926). A court can take no measures to rectify a want of jurisdiction, because the lack of jurisdiction itself precludes asserting judicial power. <u>See</u> <u>First American Nat'l Bank v. Straight Creek Processing Co.</u>, 756 F. Supp. 945 (E.D. Va. 1991) (where diversity of parties is incomplete, court has no jurisdiction to consider plaintiff's motion to dismiss non-diverse defendants; rather, court must dismiss action for lack of jurisdiction). As explained more fully below, this Complaint does not meet the requirements either for federal-question jurisdiction under 28 U.S.C. § 1331 or for diversity jurisdiction under 28 U.S.C. § 1332.

A. <u>28 U.S.C. § 1331</u>

Pursuant to 28 U.S.C. § 1331, Congress has established jurisdiction in the federal district courts over "all civil actions arising under the Constitution, laws, or treaties of the United States." Although Plaintiff asserts that his claim arises under 42 U.S.C. § 1983, thus invoking § 1331 federal-question

jurisdiction, the facts pleaded reveal no claim arising under § 1983.

More specifically, Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994). The basis of Plaintiff's action, however, is that the defendant distributed "bad soap." This does not state a claim for a violation of a right secured by the Constitution or law of the United States.

In addition, "the under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (citations omitted). Nevertheless, "the deed of an ostensibly private organization or individual" at times may demand to be treated "as if a State has

caused it to be performed." <u>Brentwood Academy v. Tennessee Secondary Sch. Athletic Ass'n</u>, 531 U.S. 288 (2001). Specifically, "state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" <u>Id.</u> (quoting <u>Jackson v. Metropolitan Edison Co.</u>, 419 U.S. 345, 351 (1974)).

The "under color of state law" requirement of 42 U.S.C. § 1983 has been treated identically to the "state action" requirement of the Fourteenth Amendment. <u>See</u> <u>Mark v. Borough of Hatboro</u>, 51 F.3d 1137, 1141 (3d Cir. 1995), <u>cert. denied</u> 516 U.S. 858 (1995) (citing <u>United States v. Price</u>, 383 U.S. 787, 794 n.7 (1966); <u>Lugar v. Edmondson Oil Co.</u>, 457 U.S. 922, 928 (1982); <u>Rendell-Baker v. Kohn</u>, 457 U.S. 830, 838 (1982)). State action exists under § 1983 only when it can be said that the government is responsible for the specific conduct of which a plaintiff complains. <u>Mark</u>, 51 F.3d at 1141-42. "Put differently, deciding whether there has been state action requires an inquiry into whether 'there is a sufficiently close nexus between the State and the challenged action of [the defendants] so that the action of the latter may fairly be treated as that of the State itself.'" <u>Id.</u> at 1142 (quoting <u>Blum v. Yaretsky</u>, 457 U.S. 991, 1004 (1982)).

A private entity can be sued under § 1983 where (1) it "has exercised powers that are traditionally the exclusive prerogative of the State," Mark, 51 F.3d at 1142 (citation omitted); (2) the State and the private party have acted in concert or jointly to deprive a plaintiff of his rights, Adickes v. S.H. Kress & Co., 398 U.S. 144, 170-171 (1970); (3) the State has permitted a private party to substitute his judgment for that of the State, Cruz v. Donnelly, 727 F.2d 79, 81-82 (3d Cir. 1984); or (4) the private party and the State have a symbiotic relationship as joint participants in the unconstitutional activity, Edmonson v. Leesville Concrete Co., Inc., 500 U.S. 614, 620 (1991); Mark, 51 F.3d at 1143. See also DeShaney v. Winnebago County Dept. of Social Services, 489 U.S. 189 (1989) (Fourteenth Amendment's "purpose was to protect the people from the State, not to ensure that the State protected them from each other"); Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996) ("Individuals . . . have no right to be free from infliction of [constitutional] harm by private actors"), cert. denied, 519 U.S. 1111 (1997); Jones v. Arbor, Inc., 820 F. Supp. 205, 208 (E.D. Pa. 1993) (plaintiff did not allege that defendant corporation was a state actor or had such a symbiotic relationship with the state so as effectively to be an instrumentality of the state). Here, Plaintiff alleges no facts that would permit this Court to find that Defendant Unlever,

6

Trumbull, C.T., acted under color of state law within the meaning of § 1983 when it distributed soap.

Thus, the facts as alleged do not support this Court in exercising jurisdiction over this action under § 1331.

B. <u>28 U.S.C. § 1332</u>

Although Plaintiff does not allege jurisdiction based upon diversity of citizenship under 28 U.S.C. § 1332; this Court will consider whether it can exercise jurisdiction under that provision.

Section 1332 can provide jurisdiction over state-law civil actions if, in the provision pertinent here, the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between "citizens of different States." It has long been recognized that, to found jurisdiction upon § 1332, there must be complete diversity among all parties, <u>i.e.</u>, each plaintiff must be a citizen of a different state from each defendant. <u>Owen Equipment and Erection Co. v. Kroger</u>, 437 U.S. 365 (1978).

A plaintiff, as the party asserting federal jurisdiction, "must specifically allege each party's citizenship, and these allegations must show that the plaintiff and defendant are citizens of different states." <u>American Motorists Ins. Co. v. American Employers' Ins. Co.</u>, 600 F.2d 15, 16 (5th Cir. 1979); <u>see also</u> <u>Universal Reinsurance Co., Ltd. v. St. Paul Fire &</u>

Marine Ins. Co., 224 F.3d 139, 141 (2d Cir. 2000) ("The failure to allege [the party's] citizenship in a particular state is fatal to diversity jurisdiction"). Here, however, Plaintiff alleges no facts that would permit this Court to determine either his citizenship or the citizenship of the defendant.

A corporation is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c). Although Plaintiff has listed a Connecticut location for the Defendant, he has failed to allege either that the Defendant is incorporated in Connecticut, and not in New Jersey, or that it has its principal place of business in Connecticut.

Specifically with respect to individuals, in addition,

> For purposes of determining diversity, state citizenship is equated with domicile. Domicile, however, is not necessarily synonymous with residence; one can reside in one place and be domiciled in another. Residence and an intent to make the place of residence one's home are required for citizenship and to establish a new domicile. Although the analysis is necessarily case specific, courts have looked to certain factors, including state of employment, voting, taxes, driver's license, bank accounts and assets, and civic and religious associations in determining the citizenship of an individual. ...

McCracken v. Murphy, 328 F.Supp.2d 530, 532 (E.D. Pa. 2004) (citations omitted), aff'd, 129 Fed.Appx. 701 (3d Cir. 2005). "For inmates, citizenship for diversity purposes is the state in which the inmate was domiciled prior to incarceration, unless the inmate plans to live elsewhere when he is released in which event

citizenship would be that state." McCracken, 328 F.Supp.2d at 532 (citing Flanagan v. Shively, 783 F.Supp. 922, 935 (E.D. Pa.), aff'd, 980 F.2d 722 (3d Cir. 1992)). Plaintiff has alleged no facts regarding his own citizenship. The fact of incarceration in New Jersey is not sufficient, of itself, to establish citizenship in New Jersey.

Finally, Plaintiff alleges damages in the amount of $30,000, substantially below the jurisdictional threshold of $75,000. For all the foregoing reasons, diversity jurisdiction is lacking.

The Court is mindful that Plaintiff appears here pro se and therefore the complaint is to be held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519 (1972). Nonetheless, the Court can discern no basis for asserting jurisdiction over this action.

V. CONCLUSION

For the reasons set forth above, the Complaint will be dismissed without prejudice for lack of jurisdiction.[3] It does

---

[3] The Court notes that "'[g]enerally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action.' ... The dispositive inquiry is whether the district court's order finally resolved the case." Martin v. Brown, 63 F.3d 1252, 1257-58 (3d Cir. 1995) (quoting Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976)) (other citations omitted). In this case, if Plaintiff can correct the deficiencies of his Complaint, he may file a motion to re-open these claims in accordance with the court rules.

not appear that Plaintiff could amend the Complaint to establish jurisdiction. An appropriate Order follows.

_____
Peter G. Sheridan
United States District Judge

Dated: 5/28/13